# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GUTIERREZ,<br><br>           Petitioner,<br><br>     vs.<br><br>VIMAL SINGH,[1]<br><br>           Respondent. | Case No.:12-cv-01390-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS THE PETITION<br><br>(ECF No. 32) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner was convicted in the Kern County Superior Court of battery on a custodial officer and a number of sentencing enhancements were found true. On August 18, 2008, Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life.

---

[1] Respondent submits that Vimal Singh is the current Warden of California Medical Facility-where Petitioner is currently incarcerated. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Warden Singh in place of Warden Duffy as Respondent in this action.

On May 28, 2009, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. The California Supreme Court denied review on September 9, 2009.

On May 27, 2011, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court.[2] The petition was denied on June 20, 2011.

Petitioner filed the instant federal petition for writ of habeas corpus on July 18, 2012,[3] and a first amended petition on September 9, 2012.

Respondent filed a motion to dismiss the petition as untimely under 28 U.S.C. 2244(d)(1)(A), and Petitioner filed an opposition on January 2, 2013. Respondent filed a reply on February 12, 2013.

## II.

## DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

---

[2] This filing date reflects application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing); see also Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).

[3] The mailbox rule does not benefit Petitioner in the filing of the instant federal petition as the original petition is dated July 19, 2012-one day after the actual filing date of the petition in this court.

(E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases.

**B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  The instant petition was filed on July 18, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on September 9, 2009, the California Supreme Court denied review. Thus, direct review became final on December 8, 2009, when the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, the one year limitations period began on the following day, December 9, 2009, and absent tolling, was set to expire on December 8, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) As noted, Petitioner filed the instant petition for writ of habeas corpus on July 18, 2012.

   1. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Evans v. Chavis, 546 U.S. 189, 198 (2006). Claims denied as untimely or determined by the federal

courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id. at 199-200.

Although Petitioner filed a state post-conviction collateral petition on May 27, 2011, the statute of limitations had already expired five months prior on December 8, 2010, and tolling is not available. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Because Petitioner did not file any state post-conviction collateral petitions within the one-year limitations, the one-year limitations period expired on December 8, 2010, and the instant petition filed on July 18, 2012, is untimely.

    2.    Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner does not present nor does this Court find any basis to equitably toll the limitations period. Accordingly, the instant petition for writ of habeas corpus must be dismissed with prejudice.

    **C.**    **Exhaustion of State Court Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  Duncan, 513 U.S. at 366.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, a petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d at 1241.  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations

> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), as modified by, 247 F.3d 904 (9th Cir. 2001).

Petitioner raises the following three claims for relief in his first amended petition: (1) the 1998 strike is a false strike and he has not suffered three strikes; (2) there was insufficient evidence to support vandalism with a strike; and (3) he did not punch a custodial officer.

Petitioner presented only one filing in the California Supreme Court-a petition for review. The petition for review contained the following four claims for relief, none of which are contained in the amended federal petition: (1) the evidence was insufficient to support a finding that the use of force by the deputy was necessary and not excessive; (2) failure to instruct on self-defense denied him due process of law and his right to a jury trial; (3) the jury was improperly instructed on the right to respond to excessive force as it related to the essential element of

whether the deputy was acting in the course of his duties; and (4) the sentencing judge should have considered imposing a misdemeanor sentence on his battery conviction.

Because Petitioner did not raise the claims presented in the instant petition to the California Supreme Court, the petition is completely unexhausted and should ordinarily be dismissed without prejudice to give Petitioner an opportunity to first seek relief in the state courts. 28 U.S.C. § 2254(b)(1). In this case, however, the petition is also untimely. Therefore, exhaustion would be futile as future federal proceedings would be barred. As such, the petition should be dismissed with prejudice.

## III.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED WITH PREJUDICE; and

2. The Clerk of Court be directed to terminate this action.

These proposed findings of facts and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are

//

//

//

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 14, 2013**

UNITED STATES MAGISTRATE JUDGE